# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

AZIZ M.A. AL-MUQALEH,

     Plaintiff,

v.                                  Case No. 15-10454

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

### OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Aziz Al-Muqaleh appeals from Defendant Commissioner of Social Security's denial of his application for disability insurance. Magistrate Judge David R. Grand issued a Report and Recommendation ("R. & R.") advising the court to deny Plaintiff's Motion for Summary Judgment (Dkt. # 16) and grant Defendant's Motion for Summary Judgment (Dkt. # 18). Plaintiff timely filed Objections to the R. & R. (Dkt. # 21), to which Defendant responded (Dkt. # 22) and then submitted an Amended Response (Dkt. # 23). After reviewing the R. & R. and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R. & R., the court will overrule Plaintiff's Objections and adopt the R. & R.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R. & R. requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42

U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's

claim, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the

ALJ. "Substantial evidence is more than a scintilla of evidence but less than a

preponderance and is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of

Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence

could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court

bases its review on the entire administrative record, not just what the ALJ cited. *Heston

v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by

substantial evidence, however, a decision of the Commissioner will not be upheld where

the [Social Security Administration] fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right."

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v.

Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff first argues that the Magistrate Judge's analysis of the treating-physician

rule was flawed. Social Security regulations require an ALJ to give the medical opinions

of treating physicians controlling weight where they are "well-supported by medically

acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal quotations omitted). However, the Social Security regulations also provide that some opinions are not medical opinions, and instead are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." 20 C.F.R. 416.927(d). "Opinions that you are disabled" are one such set of opinions that are reserved to the Commissioner. *Id.* at 416.927(d)(1). "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." *Id.* The ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.* at 416.927(d)(3); *see also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("Subsection (e)(3) further elaborates that no 'special significance' will be given to opinion of disability, even if they come from a treating physician.").

As the Magistrate Judge noted, the only opinion offered by Dr. Rahim, in a two sentence letter, was that Plaintiff was "totally and permanently disabled." (Dkt. # 11-2 Pg. ID 49; Dkt. # 11-11, Pg. ID 495). Such opinions are entitled to no weight.

Plaintiff's first objection is overruled.

### B. Objection Two

Next Plaintiff argues that "[t]he Magistrate Judge further erred in excusing the ALJ's failure to explain why she was adopting some limitations set forth by Consultative Examiner E. Montasir, M.D., but not others." Pl.'s Obj. 5. This objection is without merit because the record clearly indicates that the ALJ did not err, as explained by the Magistrate Judge. Dr. Montasir either did not suggest the limitations Plaintiff now cites

4

on the fifth page of his Objecitons, or the limitation was suggested and was in fact incorporated into the ALJ's residual function capacity determination.

    For example, Plaintiff claims that Dr. Montasir suggested limitations including "significant limitations on the use of plaintiff's right hand to frequently handle and finger." *Id.* Not so. Dr. Montasir noted that Plaintiff reported some right-hand fatigue but concluded that "[m]anipulations in general should be without difficulties" and that Plaintiff's "grip was not affected." (Dkt. # 11-11, Pg. ID 480-81.) Additionally, on the range-of-motion worksheets accompanying the report, Dr. Montasir indicated that Plaintiff had no problems with handling and fingering tasks, (*Id.* at Pg. ID 482) and did not indicate that the hand and finger joints were impaired in any way (*Id.* at Pg. ID 485). As to the use of Plaintiff's arm for carrying and working overhead, the ALJ included a limitation to only occasional reaching overhead with his right upper extremity. (Dkt. # 11-2, Pg. ID 47.) Finally, concerning the use of a cane for walking, while a hand written note on the range of motion worksheet appears to state, "might need cane if walk beyond 2 blocks," (Dkt. 11-11, Pg. ID 483), Dr. Montasir did not include this limitation in her medical source statement, and instead stated "[h]is walking, climbing stairs should be without difficulties." (*Id.*, Pg. ID 480.) Additionally, on the same range of motion worksheet, Dr. Montasir checked "No" where the form asked, "Does clinical evidence support the need for walking aid?" (*Id.* at Pg. ID 483.)

    Neither the ALJ nor the Magistrate Judge erred here, and Plaintiff's objection is overruled.

### C. Objection Three

Plaintiff's third objection seems to be that the ALJ, and then the Magistrate Judge, did not afford enough weight to Dr. Solomon's conclusion that "Mr. Al-Muqaleh's ability to work will be significantly impacted by his ability to manage both physical/health problems and mood symptoms." Pl.'s Obj. 7. This objection is unfounded. The ALJ gave limited weight to Dr. Solomon's conclusion because its usefulness was limited. The ALJ noted that simply stating Plaintiff's ability to work "will be significantly impacted" is a vague and unhelpful description of Plaintiff's limitations. (Dkt. #11-2, Pg. ID 51.) Nonetheless, the ALJ *did* account for Dr. Solomon's opinions in his residual functional capacity determination, stating, "[b]ecause of his alleged concentration difficulties, aversion to other people, and difficulties handling change; the claimant is limited to unskilled, simple, repetitive work with only occasional contact with the general public, coworkers, and supervisors and minimal changes in work setting." (*Id.* at Pg. ID 53.) Thus, Plaintiff's final objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Objections (Dkt. # 21) are OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 20) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 16) is DENIED, and Defendant's Motion for Summary Judgment (Dkt. # 18) is GRANTED.

  s/Robert H. Cleland
ROBERT H. CLELAND

6

UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2016, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522